# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LEROY MCKINZIE,

      Petitioner,

v.                                  Case No. 8:06-cv-542-T-24EAJ

SECRETARY OF DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

This cause is before the court upon Petitioner Leroy McKinzie's ("McKinzie")[1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. McKinzie challenges his 2001 convictions entered by the Tenth Judicial Circuit Court, Polk County, Florida. (Dkt. 1).[2] Respondent has filed a response to the petition (Dkt. 22), and McKinzie has filed a reply thereto (Dkt. 29).

### Background

McKinzie was charged by an Amended Information dated July 9, 2001, with two counts of attempted second degree murder (Counts 1 and 2), carrying a concealed firearm (Count 3), shooting into a building (Count 4), and possession of a firearm by a convicted

---

[1] The Court notes that some of the documents in the record from the state courts list Petitioner's name as "McKenzie." For purposes of this § 2254 petition, the Court will refer to Petitioner as "McKinzie," the spelling Petitioner has used in signing the instant petition. (Dkt. 1).

[2] McKinzie signed and dated his petition on March 23, 2006. (Dkt. 1). By order entered on May 1, 2006, the Court dismissed the petition for failure to pay the requisite filing fee and submit an Affidavit of Indigency. (Dkt. 3). McKinzie ultimately paid the filing fee and moved to reopen this case. (Dkts. 10, 12). By order entered on June 14, 2006, the Court granted the motion to reopen the case. (Dkt. 11).

felon (Count 5).[3]  (Dkt. 24, Ex. 1, Vol. I, p. 38-40 ).[4]  McKinzie proceeded to jury trial on July

10-11, 2001.  The jury found McKinzie guilty of Counts 1-4 of the Amended Information.

(Dkt. 24, Ex. 1, Vol. I, p. 45).  The state trial court thereafter sentenced McKinzie to a term

of life imprisonment on each of the attempted second degree murder counts, a term of

imprisonment of five years on Count 3, and a term of imprisonment of fifteen years on

Count 4, all to run concurrently.  (Dkt. 24, Ex. 1, Vol. I, pp. 49-55).  McKinzie timely filed a

direct appeal.  On July 10, 2002, in Case No. 2D01-3699, the state district court of appeal

per curiam affirmed his convictions. (Dkt. 24, Ex. 4).  *See McKinzie v. State*, 825 So.2d 386

(Fla.2d DCA 2002) [Table].  McKinzie did not file a motion for rehearing.  (Dkt. 24, Ex. 5).

The mandate issued on August 1, 2002.  He did not file a petition for writ of certiorari in the

United States Supreme Court.  (Dkt. 1).

On September 17, 2002, McKinzie signed his Rule 3.850 motion for post-conviction

relief in which he raised five claims of ineffective assistance of counsel and a sentencing

claim.  (Dkt. 24, Ex. 8, pp. 84-106).  By order rendered on January 9, 2003, the state trial

court denied two of the ineffective assistance claims (designated as grounds 1 and 2 of the

Rule 3.850 motion) and directed the State to respond to the remaining allegations.  (Dkt.

24, Ex. 6).  An evidentiary hearing on the Rule 3.850 motion was held on April 8, 2004.  By

order rendered on August 26, 2004, the state trial court denied the remaining claims.  (Dkt.

24, Ex. 7).  McKinzie appealed the denial of the Rule 3.850 motion.  On December 2, 2005,

in Case No. 2D04-4383, the state district court of appeal per curiam affirmed the denial of

---

[3] The State later filed a Notice of Nolle Prosequi on Count 5.  (Dkt. 24, Ex. 1, Vol. I, p. 57).

[4] Respondent has filed with its response the record on direct appeal from the state district court of appeal.  (Dkt. 24, Ex. 1, Vols. I-III).  The page numbers of references in this exhibit are designated by the page numbers located in the bottom right-hand corner of the page.

the Rule 3.850 motion.  (Dkt. 24, Ex. 12); *See McKinzie v. State*, 918 So.2d 301 (Fla. 2d DCA 2005) [Table].  On December 13, 2005, McKinzie filed a motion for rehearing which was denied on January 11, 2006.  (Dkt. 24, Ex. 14).  The mandate issued on January 27, 2006.

The instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was signed and dated by McKinzie on March 23, 2006, and received by this Court on March 30, 2006.  Following a series of orders by this Court related to McKinzie's compliance with the filing requirements for a § 2254 petition, this case was reopened on June 14, 2006.[5]  (Dkt. 11).  The petition is timely.  Upon review of the record, McKinzie's petition must be DENIED.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996,  "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits

---

[5] *See supra*, ftnt. 2.

in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254(d).  *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255   (11th Cir. 2002) ("[T]he statutory language [in § 2254(d)(1)] focuses on the result, not the reasoning that led to the result, and nothing in that language requires the state court adjudication that has resulted in a decision to be accompanied by an opinion that explains the state court's rationale). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

Since McKinzie's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof.  Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of McKinzie's claims.  *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

### Exhaustion and Procedural Default

Before this Court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, the petitioner must exhaust all state court remedies that are available for challenging

his conviction, either on direct appeal or in a state post-conviction motion.  *See* §
2254(b)(1)(A), (c); *Keinz v. Crosby*, 2006 WL 408686 (11th Cir. 2006); *O'Sullivan v.
Boerckel*, 526 U.S. 838, 842 (1999).  "[T]he state prisoner must give the state courts an
opportunity to act on his claims before he presents those claims to a federal court in a
habeas petition."  *O'Sullivan,* 526 U.S. at 842; *see also Henderson*, 353 F.3d at 891 ("A
state prisoner seeking federal habeas relief cannot present a federal constitutional claim
in federal court unless he first properly presented the claim to the state courts) (citations
omitted)).  A § 2254 petitioner "shall not be deemed to have exhausted the remedies
available in the courts of the State ... if he has the right under the law of the State to raise,
by any available procedure, the question presented."  *Pruitt v. Jones*, 348 F.3d 1355, 1358
(11th Cir. 2003) (citing 28 U.S.C. § 2254(c)).  In so doing, a state prisoner "'must give the
state courts one full opportunity to resolve any constitutional issues by invoking one
complete round of the State's established appellate review process,' including review by
the state's court of last resort, even if review in that court is discretionary."  *Pruitt*, 348 F.3d
at 1358-59 (citing O'Sullivan, 526 U.S. at 845).

"The teeth of the exhaustion requirement comes from its handmaiden, the
procedural default doctrine."  *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).
Pursuant to this doctrine, "[i]f the petitioner has failed to exhaust state remedies that are
no longer available, that failure is a procedural default which will bar federal habeas relief,
unless either the cause and prejudice or the fundamental miscarriage of justice exception
is applicable."  *Id.* (citing O'Sullivan, 526 U.S. at 845-6).  Under the first exception, to
establish cause for a procedural default, a petitioner "must demonstrate that some objective
factor external to the defense impeded the effort to raise the claim properly in state court."

5

*Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986).  To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *See United States v. Frady*, 456 U.S. 152 (1982).  In other words, he must show that there is at least a reasonable probability that the outcome of the proceeding would have been different.  *See Henderson*, 353 F.3d at 892 (citing *Wright*, 169 F.3d at 703; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002)).

Under the second exception, a federal court may review a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice.  *See Henderson*, 353 F.3d at 892 (citing *Murray*, 477 U.S. at 495-96).  "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent."  *Id.*  This exception relates to a petitioner's "actual" rather than "legal" innocence.  *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray*, 477 U.S. at 495-96)).  "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense."  *Panarites v. Crosby*, 2006 WL 196939 at *5 (M.D. Fla., Jan. 24, 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Moreover, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial."  *Johnson*, 256 F.3d at 1171 (citing *Calderon*, 523 U.S. at 559 (internal quotation omitted)).

### Standard for Ineffective Assistance of Counsel Claims

In four of the claims for relief presented in the instant petition, McKinzie asserts that

6

his right to effective assistance of counsel was violated. The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him.  To prevail on a claim of ineffective assistance of counsel, McKinzie must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation.  *Id.* at 687-88.  This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases.  *Id.* at 689.  Second, even if McKinzie can show that counsel performed incompetently, he must also show that he was prejudiced in such a manner that, but for counsel's errors, there exists a reasonable probability that the outcome of the proceeding would have been different.  *Id.* at 688, 694.  A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings.  *Id.* at 694.

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'"  *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).  "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take."  *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002) *(citing Chandler*, 218 F.3d at 1315).  Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler,* 218 F.3d at 1314 (*quoting Strickland,* 466 U.S. at 689). Tactical

decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler,* 218 F.3d at 1314-15.

As set forth below, in rejecting McKinzie's claims, the state trial court applied the *Strickland* standard of review for ineffective assistance of counsel claims. Thus, to establish that he is entitled to relief on these claims pursuant to § 2254, McKinzie must establish that the state trial court incorrectly applied the *Strickland* standard in reaching its determination that these claims lack merit. *See Parker*, 331 F.3d at 766.

## Discussion

### Ground One

In his first claim, McKinzie alleges that the trial court erred in denying his motion for judgment of acquittal on Count 3 of the Amended Information. He asserts that "[a]t the close of the State's evidence presentation, defense counsel moved for a judgment of acquittal as to Count Three, arguing that [he] could not be convicted of the offense of carrying a concealed firearm because any concealment of the firearm clearly occurred inside [his] home."

Pursuant to Florida law, a trial court should not grant a motion for judgment of

acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.  *See Benjamin v. Crosby*, 2006 WL 1890295 at *2 (M.D. Fla., July 10, 2006) (citing *Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974)).  Determination of whether the State presented legally sufficient evidence to establish a prima facie case in a prosecution for carrying a concealed firearm so as to survive an acquittal motion is a matter solely within the province of the Florida state courts. *See id.*  Such a claim is not cognizable on federal habeas corpus review.  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  The Eleventh Circuit has stated that a federal writ of habeas corpus is only available in cases of federal constitutional error.  *See Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990).  "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) (citation omitted).  Thus, because McKinzie's ground for relief is predicated on a claim of error of state law, this ground of the instant § 2254 petition is not cognizable on federal habeas review.

Moreover, even if this claim were cognizable, it is unexhausted and barred from review.  McKinzie did not fairly present the federal dimension of this claim to the state courts at trial or on appeal.  While McKinzie presented this issue on direct appeal, he did not allege a violation of his federal constitutional rights.  Rather, he presented his claim in state law terms only.  Issues presented in a federal habeas corpus petition must have been fairly presented to the state courts and exhausted prior to presentation in a § 2254 petition.

9

*See* 28 U.S.C. § 2254(b)(1); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). To exhaust a claim sufficiently, a petitioner must have presented the state court with the particular legal basis for relief in addition to the facts supporting it. *See Diaz*, 2006 WL 3469522 at *1 (citing *Kelley v. Sec'y for Dep't of Corrs.*, 377 F.3d 1317 (11th Cir. 2004) (internal citations omitted)). A petitioner must present his claims to the state courts such that they have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *See Kelley*, 377 F.3d at 1344 (citing *Picard v. Connor*, 404 U.S. 270 (1971)). Thus, the prohibition against raising non-exhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific factual contentions that might support relief. *Id.*

In the instant case, McKinzie did not present the federal dimension of the claim presented in Ground One to the state courts at trial or on direct appeal. Thus, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See Bucklon v. Crosby*, 2006 WL 2990449 at *3 (M.D. Fla., Oct. 19, 2006); *O'Sullivan*, 526 U.S. at 845. A § 2254 petition cannot be granted unless a petitioner has exhausted his available state court remedies. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"). McKinzie's state law arguments

presented at trial and on direct appeal do not suffice to meet the exhaustion requirement.[6] *See Bucklon*, 2006 WL 2990449 at *3 (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Thus, this claim is not exhausted for purposes of federal habeas review.

However, were McKinzie to now attempt to re-raise this claim in state court on federal grounds, the claim would be procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722 (1991). Portions of a petitioner's claim that are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "An issue that was not properly presented to the state court which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review." *Cobbs v. McDonough*, 2006 WL 2092381 at *8 (M.D. Fla., July 26, 2006) (citing *O'Sullivan*, 526 U.S. at 839-40, 848). "Issues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack." *Harvey v. Dagger*, 656 So.2d 1253, 1256 (Fla. 1995). Because McKinzie could have preserved and raised a federal constitutional claim regarding the denial of his motion for judgment of acquittal on direct appeal, he was precluded from doing so collaterally in a Rule 3.850 motion for post-conviction relief. *See e.g., Childers v. State*, 782 So.2d 946, 947 (Fla. 4th DCA 2001) ("The law is clear that where an issue could have been raised on direct appeal, it is not the proper subject for a Rule 3.850 motion.") (citations omitted). This

---

[6] McKinzie argues in his reply to Respondent's response that "[i]nasmuch that [sic] Petitioner referred to the cases referencing the due process reasonable doubt standard in his brief while exhausting his [s]tate court remedies, the petitioner submits that he gave the State courts an adequate and fair opportunity to pass upon and correct the violations of his federal constitutional due process rights." (Dkt. 29, p. 9). However, he cited to Florida statutes and cited two state cases: *Russ v. State*, 304 So.2d 481 (Fla. 1st DCA 1974) and *State v. Facion*, 290 So.2d 75 (Fla. 2nd DCA 1974). Neither of these cases make any reference to any federal constitutional right nor do they address a federal due process claim. As such, McKinzie's argument that he fairly presented his federal claim to the state courts on direct appeal is misplaced.

issue is now procedurally barred from review in the state courts because the state procedural rules do not provide for a second direct appeal. *See Taylor v. McDonough*, 2007 WL 189389 at *13 (N.D. Fla., Jan. 23, 2007); Fla. R. Crim. P. 3.850(b), (g). Thus, this Court cannot consider McKinzie's claim unless he can make a showing that the cause and prejudice or the fundamental miscarriage of justice exception is applicable. *See Jones*, 256 F.3d at 1138; *O'Sullivan,* 526 U.S. at 845-6.

McKinzie does not present any argument to demonstrate cause or prejudice that would excuse his default. Moreover, he has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Absent such a showing, a federal habeas court should not discuss the merits of a claim that has been procedurally defaulted in state court. *See Surrency v. Hadi*, 2006 WL 3469534 at *6 (M.D. Fla., Nov. 30, 2006) (citing *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir.1995)). Accordingly, Ground One of the instant petition is procedurally barred and relief will be denied. *See Amoroso v. McDonough*, 2006 WL 2507618 at *3 (M.D. Fla., Aug. 29, 2006); *Kelley*, 377 F.3d at 1344.

**Ground Two**

McKinzie contends that his trial attorney was ineffective in providing inadequate advice as to his right to testify at trial. He asserts that "[a]fter the State rested its case at [his] trial, defense counsel advised [him] that due to his criminal record, the State would more than likely impeach [his] trial testimony with the specific nature of [his] prior convictions which will [sic] weigh against [him]." McKinzie claims this advice was inadequate.

McKinzie raised this clam in his Rule 3.850 motion. (Dkt. 24, Ex. 8, pp. 99-102).

The claim (designated as ground five of the Rule 3.850 motion) was addressed at the April 8, 2004, evidentiary hearing on that motion.  In its final written order denying relief, the state trial court applied the *Strickland* standard and held as follows with respect to this claim:

> As to claim five, the Defendant alleges ineffective assistance of counsel for Counsel's failure to adequately advise Defendant of "all pertinent circumstances surrounding Defendant's right to testify."  After evaluating the inconsistent accounts, the Defendant's claims, and the testimony provided from Mr. Fisher,[7] the Court finds that Mr. Fisher is a credible witness and the testimony provided by him is reliable.  As such, the Court finds that Mr. Fisher's conduct and representation met the standard of performance and there was no deviation from the required standard of performance.  Thus, the Defendant is not entitled to relief as to claim five.

(Dkt. 24, Ex. 8, p. 206).  The record supports the state trial court's findings.  Fisher testified as follows at the Rule 3.850 evidentiary hearing:

| MS. WILLIAMS:[8] | Do you recall having conversations with Mr. McKinzie regarding his opportunity to testify on his own behalf? |
|---|---|
| MR. FISHER: | Yes. |
| MS. WILLIAMS: | Do you recall uh – advising Mr. McKinzie as to whether or not factual scenarios of any of his prior convictions would be admitted should he decide to testify? |
| MR. FISHER: | In reviewing my file, I could not find specific – specific outline [sic] of each and every one of Mr. McKinzie's and mine's [sic] discussions.  But, I prepared a file memo and uh – a letter uh – which discussed my relationship with Mr. McKinzie.  I can't tell you the specifics, but I can answer in – generally, speaking – when Mr. McKinzie and I were discussing his case, he did have a prior record. |

---

[7] McKinzie was represented at trial by attorney Stephen Fisher ("Fisher").

[8] The State was represented at the Rule 3.850 evidentiary hearing by attorney Elizabeth Williams of the State Attorney's Office.

Prior to this hearing, I couldn't recall whether or not he – he had a violent offense.  But, I've since had an opportunity to look at the record a little bit – when we have [sic] been waiting for the case to be called.  He did have a prior aggravated battery.  You know – we discussed the fact that if he were called as a witness, the fact that he was a convicted felon would be presented to the Court.

One of the things that I was looking at and I am not positive of the answer – this [sic] is whether or not we severed the amended charge of Possession of a Firearm by a Convicted felon.  I believe we did, but uh –

MS. WILLIAMS:   I believe that the record demonstrates that was severed.  It was not heard at – at that trial.

MR. FISHER:   Uh-huh.

MS. WILLIAMS:   Do you recall discussing with him under what type of circumstances the factual scenarios of his prior convictions could come in?

MR. FISHER:   I can't tell you exactly what I told Mr. McKinzie, but I mean – generally, I go through the same spiel – you know – making sure that if they screw up the number of prior convictions they have – that the – you know – that the judgment is going to come in and the underlying charge is going to come in.

And then also, the fact that he had an aggravated battery uh – because, we were claiming self defense in this case – there were circumstances under which the aggravated battery could be brought before the jury, if he were to testify.  And uh – I discussed that with him as well.

MS. WILLIAMS:   Did you ever discuss what would possibly be the contents of his testimony, should he choose to testify?

MR. FISHER:   He told me his story every time I met with him and you know – I advised him that I did not think that he could add anything that

14

was not going to be gained by one of the victims – that I thought was going to be much [sic] more powerful witness on his behalf – than he could be himself.

MS. WILLIAMS:    Do you recall whether the Court inquired of Mr. McKinzie when he made the decision – when it was announced to the Court – that he was not going to testify?

MR. FISHER:    I don't have any specific recall of – I believe, looking at the record – that was done and this was tried by Judge Brown – I mean – he generally did that on the record.[9]

(Dkt. 24, Ex. 8, pp. 169-171).

On redirect examination, Fisher further testified as follows:

MR. COX:[10]    And are you saying that you did not believe that it was in Mr. McKinzie's best interests to testify for reasons other than his prior convictions coming in.  Is that a fair statement?

MR. FISHER:    No.  I mean –

MR. COX:    I think what I was getting at – you said earlier that there was another person that could testify that you thought would be more articulate and a better witness than Mr. McKinzie.

MR. FISHER:    Yes.

MR. COX:    You had problems dealing with Mr. McKinzie from a – not a competency standpoint, but let's say a – understanding of what was going on standpoint?

---

[9] The state trial court questioned McKinzie as to his decision not to testify and McKinzie stated that it was his wish not to testify and that he was not forced or threatened to make that decision against his will. (Dkt. 24, Ex. 1, Vol. II, pp. 257-58).

[10] McKinzie was represented at the evidentiary hearing by attorney Kevin Cox.

MR. FISHER:        Competency was an issue – I mean – it ended up not being one brought before the Court.

MR. COX:           Is it fair to say that he wasn't real bright?

MR. FISHER:        Yes.

MR. COX:           And fair to say based on that, you were afraid to put him on the stand, because he wasn't real bright and he might trip himself accidentally?

MR. FISHER:        Yes.

(Dkt. 24, Ex. 8, pp. 173-74).

Beyond his scant allegations, McKinzie does not present any factual basis to support the claim raised in Ground Two of his § 2254 petition.  He does not dispute any of Fisher's statements made during the evidentiary hearing.  McKinzie does not offer any factual evidence to demonstrate that the state trial court improperly applied the standard set out in *Strickland*.  He has not overcome the presumption that the state trial court's factual findings were correct, nor has he rebutted the presumption of correctness by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.  Based on the bare allegations presented to support this claim and the evidence adduced at the evidentiary hearing on McKinzie's Rule 3.850 motion, the state trial court's rejection of the claim was a reasonable application of the *Strickland* standard.  Thus, McKinzie is not entitled to federal habeas relief on Ground Two.

**Ground Three**

McKinzie claims his attorney was ineffective during trial in failing to request that the

16

trial judge give a jury instruction on attempted voluntary manslaughter as a necessarily lesser-included offense to attempted second degree murder.  He asserts that the only lesser-included offense instruction given to the jury was on aggravated battery.

McKinzie presented this claim to the state trial court in his Rule 3.850 motion.  (Dkt. 24, Ex. 8, pp. 103-07).  The claim (designated as amended claim six[11] of the Rule 3.850 motion) was addressed at the April 8, 2004, evidentiary hearing on that motion.  In its final written order denying relief, the state trial court held as follows with respect to this claim:

> In amended claim six, the Defendant alleges that the offense of attempted manslaughter is a necessarily lesser-included offense of attempted second-degree murder.  Thus, the Defendant alleges that his Counsel was ineffective for failing to request that the jury be instructed on the necessarily lesser-included offense of attempted manslaughter.  However, the record is clear that the jury was instructed, apparently at the Defendant's request, on the permissive lesser-included offense of aggravated battery.  *See* attached transcript.
>
> As regards amended claim six, the facts of the case at bar are precisely parallel to <u>Firsher v. State</u>, 834 So.2d 921 (Fla. 3d DCA 2003).  In <u>Firsher</u>, Firsher was convicted of attempted second-degree murder with a firearm.  Firsher file a motion for post-conviction relief under Florida Rule of Criminal Procedure. 3.850.  Firsher alleged in his motion that the offense of attempted manslaughter is a necessarily lesser-included offense (category 1) of attempted second-degree murder, the charged offense, and Counsel was ineffective for failing to request or object to its omission of the instruction.  The Trial Court denied the motion.  Firsher appealed.
>
> The Third District Court of Appeal held that:
>
>> "The purpose of requiring an instruction in the category 1 lesser included offense one step removed from the charged offense is to allow the jury a fair opportunity to exercise its inherent 'pardon' power by returning a verdict of guilty as to the next lower crime." <u>State v. Abreau</u>, 363 So.2d at 1064.  In this case,

---

[11] In its order granting an evidentiary hearing on the remaining claims of McKinzie's Rule 3.850 motion, the State trial court dismissed claim six of that motion without prejudice "so that Defendant may file an intelligible claim." (Dkt. 24, Ex. 8, p. 140).  McKinzie, through counsel, amended claim six and this claim was addressed at the evidentiary hearing along with the other remaining claims of the Rule 3.850 motion.

the jury was given that opportunity.

Second-degree murder with a firearm is a first-degree felony.  The jury was instructed on the permissive lesser-included offense of aggravated battery with a firearm, which is a second-degree felony. § 784.045(1)(a)2 [sic], Fla. Stat. (1997).  n1. [sic] The omitted instruction, attempted manslaughter with a firearm, is likewise a second-degree felony.  Id. §§ 782.07(1), 777.04, 775.087(1).  There was no ineffectiveness, because the jury was given the opportunity to grant a jury pardon.

Unless and until the Second District Court of Appeal should choose to rule to the contrary, the Court finds <u>Firsher</u> to be controlling.  Consequently, this Court finds that the failure to give the instruction of the lesser-included offense of attempted manslaughter was harmless in the case at bar, in light of the instructions given and the holding in <u>Firsher</u>.  While the Defendant has probably satisfied the first prong of <u>Strickland</u> as to amended claim six, this Court's above finding, per <u>Firsher</u>, precludes a finding that the failure to so instruct could satisfy the prejudice prong of <u>Strickland</u> [sic] test.  Accordingly, the Defendant is not entitled to the relief that he seeks in amended claim six.

(Dkt. 24, Ex. 8, pp. 206-07).  To establish that he is entitled to relief on this claim, McKinzie

must show that the state trial court incorrectly applied the *Strickland* standard in reaching

its determination that this claim lacks merit.  He has not made this showing.

In the instant petition, McKinzie has not presented anything new to support his claim.

He has not presented any factual evidence to demonstrate that in the absence of counsel's

alleged error, the state trial court would have given the instruction he now proposes and

the outcome of his trial would have been different.  At the evidentiary hearing on the Rule

3.850 motion, trial counsel articulated to the state trial court the underlying reasons behind

his tactical decisions.  McKinzie has not demonstrated that counsel's decision not to pursue

a jury instruction on the lesser-included offense of attempted voluntary manslaughter was

anything other than trial strategy.  Disagreements by a defendant with tactics and/or

strategies will not support a claim of ineffective assistance of counsel; and, a petitioner in habeas corpus must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy.  *See Norman v. Bradshaw*, 2006 WL 3253121at *10 (N.D. Ohio, Nov. 8, 2006) (*citing Strickland*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56,59 (6th Cir. 1990)).  Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it."  *Adams*, 709 F.2d at 1445.  "Judicial scrutiny of counsel's performance must be highly deferential ⋯ a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689.  In deciding an ineffective assistance claim, a court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  *Strickland*, 466 U.S. at 690.

Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  *See Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  McKinzie has failed to establish that the state trial court's denial of this claim of ineffective assistance of trial counsel was contrary to or an unreasonable application of the *Strickland* standard or resulted in a decision that is based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  Thus, relief on this ground will be denied.

**Grounds Four and Five**

In Ground Four of his § 2254 petition, McKinzie contends that his attorney was ineffective in failing "to object to the State being allowed to recall police officer Vincent Delarosa to testify regarding the substance of defense witness Rosetta Lyles's prior out-of-court statement made to Fort Meade police which purported to implicate [McKinzie] in the crimes and antagonized the defense's theory of self-defense." (Dkt. 1).  In Ground Five of the instant petition, McKinzie alleges that his trial attorney was ineffective in failing to object to the jury not being sworn prior to trial.

McKinzie presented these claims to the state trial court in his Rule 3.850 motion. (Dkt. 24, Ex. 8, pp. 90-93).  The claims (designated as grounds one and two of the Rule 3.850 motion) were addressed by the state trial court in its written order rendered on January 9, 2003.  (Dkt. 24, Ex. 8, pp. 128-30).  In that order, the state trial court held as follows with respect to these claims:

> In ground one, Defendant claims counsel was ineffective for failing to object to the jury not being sworn for trial proceedings.  Prior to entering the courtroom, the jury had been sworn in.  (*See* transcript page 20, attached).  Accordingly, the Defendant's claim is without merit.

> In ground two, Defendant claims counsel was ineffective for failing to object to the prosecutor's erroneous impeachment of defense witness, Rosetta Lyles.  Defendant claims that Ms. Lyles was unable to recall some of the events that took place on the night of the shooting, and that certain parts of her testimony differed from statements she had previously given Ft. Meade Police Department.  The prosecutor called an officer to impeach Ms. Lyles regarding her lack of ability to remember the contents of her prior statement and Defendant believes counsel should have objected to recalling the officer.  However, pursuant to Fla. Stat. 90.614 and 90.608, calling the officer to impeach Ms. Lyles with her prior inconsistent statement is permissible.  Accordingly, counsel cannot be said to be ineffective for failing to make a futile objection, therefore Defendant is not entitled to relief.

(Dkt. 24, Ex. 8, p. 129).

McKinzie appealed the denial of his Rule 3.850 motion.  However, a review of the record shows that he did not pursue these particular claims in his appeal.  In Florida, exhaustion of claims raised in a Rule 3.850 motion includes an appeal from the denial of the motion.  *See Leonard*, 601 F.2d at 808 (Florida state remedies are exhausted after appeal to the district court of appeal from denial of a collateral attack upon a conviction).  More specifically, when a Rule 3.850 motion has been denied after an evidentiary hearing, the applicable state procedural rule provides a briefing schedule.  *See* Fla. R. App. P. 9.141(b)(3)(C).  Pursuant to Florida procedural rules, submission of a brief without an argument on a particular issue results in a waiver of that issue in an appeal of an order denying relief after an evidentiary hearing.  *See Meija v. Sec'y, Dep't of Corr.*, 2006 WL 3133755 at *6 (M.D. Fla., Oct. 31, 2006); *see also Duest v. Dugger*, 555 So.2d 849 (Fla. 1990) ("The purpose of an appellate brief is to present arguments in support of the points on appeal.  Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").  Given that McKinzie's post-conviction appeal was from a Rule 3.850 order after an evidentiary hearing, McKinzie was obliged to file an initial brief upon appeal of the denial of post-conviction relief.  *See* Fla. R. App. P. 9.141.  His decision to pursue only three claims on appeal, none of which are the claims he now presents as Grounds Four and Five in this federal habeas petition, operated to waive and abandon these claims and thus the claims are unexhausted.

A petitioner's claims or portions of claims that are not exhausted but would clearly

be barred if returned to state court must be dismissed.  *See Coleman*, 501 U.S. at 735; *Tower*, 7 F.3d at 210.  Here, it would be futile to dismiss the case to give McKinzie the opportunity to exhaust these claims because they could have and should have been raised on appeal during the Rule 3.850 proceedings.  *See Darity v. McDonough*, 2006 WL 2792891 at *9 (M.D. Fla., Sept. 27, 2006).  McKinzie cannot now return to state court to pursue these ineffective assistance claims, as a second Rule 3.850 motion would be subject to dismissal as an untimely and successive petition.  *See Taylor*, 2007 WL 189389 at *13; Fla. R. Crim. P. 3.850(b), (g).  Thus, this Court cannot consider McKinzie's claims unless he can make a showing that the cause and prejudice or the fundamental miscarriage of justice exception is applicable.  *See Jones*, 256 F.3d at 1138; *O'Sullivan,* 526 U.S. at 845-6.

McKinzie has not demonstrated cause or prejudice that would excuse his default. Moreover, he has neither alleged nor shown that the actual innocence exception applies. Absent such a showing, a federal habeas court should not discuss the merits of a claim that has been procedurally defaulted in state court.  *See  Surrency v. Hadi*, 2006 WL 3469534 at *6 (M.D. Fla., Nov. 30, 2006) (citing *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir.1995)).  Accordingly, Grounds Four and Five of the instant petition are procedurally barred and relief will be denied.  *See Amoroso v. McDonough*, 2006 WL 2507618 at *3 (M.D. Fla., Aug. 29, 2006);  *Kelley*, 377 F.3d at 1344.

Accordingly, the Court orders:

That McKinzie's § 2254 petition is denied, with prejudice.  The Clerk is directed to enter judgment against McKinzie and to close this case.

22

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  *Id.*  "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 23, 2007.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Leroy McKinzie